**Corrected**

# In the United States Court of Federal Claims

No. 20-787C

(Filed: January 25, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **JACOB QUEERN, on behalf of JEQ & Co. LLC** | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

## OPINION AND ORDER

*SOLOMSON*, **Judge.**

      On June 26, 2020, Jacob Queern filed a bid protest complaint on behalf of JEQ & Co. LLC ("JEQ"), a corporation, against Defendant, the United States, in this Court. *See* ECF No. 1 at 1. The complaint appears to protest certain actions of the Defense Logistics Agency in connection with several government procurements. *Id.* at 2. Although Mr. Queern may have intended to file suit on his own behalf as well, Mr. Queern identified the plaintiff in this case as "a small business," ECF No. 1-1, thus indicating that JEQ is the true plaintiff in this proceeding – a conclusion with which this Court agreed. Mr. Queern is not an attorney and thus cannot represent JEQ.

      Pursuant to Rule 83.1(a)(3) of the Court of Federal Claims ("RCFC"), a corporation may only appear before the Court through counsel. This rule is mandatory and cannot be waived "even for cases of severe financial hardship." *Balbach v. United States*, 119 Fed. Cl. 681, 683 (2015). Accordingly, "[w]here a corporate-plaintiff fails to obtain counsel, the ordinary remedy is to dismiss its complaint for lack of prosecution." *Alli v. United States*, 93 Fed. Cl. 172, 177 (2010).

      Because JEQ is the apparent real party in interest to this bid protest and Mr. Queern is not a licensed attorney, this Court issued an order, on June 30, 2020,

directing JEQ "***to obtain counsel within thirty (30) calendar days of this order*** or to show cause why the case should not be dismissed for failure to prosecute." ECF No. 7 at 1 (emphasis in original). On August 25, 2020, after JEQ had still not obtained counsel, the Court issued an order, requesting Mr. Queern's consent on behalf of JEQ for the Court to refer this case to the Court of Federal Claims Bar Association Pro Bono/Attorney Referral Pilot Program (the "Pro Bono Program") for the potential representation of JEQ by counsel. ECF No. 10 at 3; *see also* ECF No. 12 (granting Mr. Queern additional time to file notice of consent).

On September 18, 2020, Mr. Queern filed a notice with the Court, indicating his consent for the referral of this case to the Pro Bono Program, *see* ECF No. 13 at 1, and, subsequently, on September 22, 2020, the Court issued an order, directing the Clerk of the Court to refer this case to the Pro Bono Program. ECF No. 14 at 2. The Court further stayed this case for sixty days pending the identification of potential counsel. *Id.*

On October 22, 2020, Joseph B. Fellows notified the Court, via motion, that he had been retained as counsel by JEQ. ECF No. 15; *see* ECF No. 16. On December 21, 2020, however, Mr. Fellows moved to withdraw as counsel for JEQ noting that "[t]here has been a complete breakdown in communication between [himself] and [JEQ]." ECF No. 21 at 1. The next day, on December 22, 2020, the Court granted Mr. Fellows' motion to withdraw from this matter and stayed the case, again, for thirty days pending JEQ's identification of counsel. ECF No. 22 at 2. The Court made clear, however, that it "***will dismiss this case for lack of prosecution*** if an attorney authorized to practice before this Court has not entered an appearance on behalf of JEQ by that time" and "[***n***]***o further extensions of time will be granted*** absent extraordinary grounds for such a request." *Id.* (emphasis added).

JEQ still has not obtained counsel. Indeed, in response to the Court's latest order, Mr. Queern, on January 21, 2021, sought to file with the Court hundreds of pages, which included various purported motions and accompanying exhibits not in compliance with this Court's rules. "While dismissal of a claim is a harsh action, . . . . it is justified when a party fails to pursue litigation diligently and disregards the courts rules . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011). Moreover, pursuant to RCFC 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may move to dismiss on its own motion."

In light of JEQ's failure to prosecute this case in compliance with this Court's rules, JEQ's failure to obtain counsel with more than a reasonable period of time (as this Court has stayed the case *three* times), and, finally, non-compliance with this Court's December 22, 2020 order, the Court rejects Mr. Queern's January 21, 2021 filing and **DISMISSES** JEQ's complaint without prejudice to refile if and when JEQ obtains

- 3 -

counsel that is a member of the bar of this Court.  The Clerk is directed to enter **JUDGMENT** for the government accordingly.  The Clerk is further directed not to accept any further filings in this matter or otherwise on behalf of JEQ unless made by an attorney who is a member of the bar of this Court.

    **IT IS SO ORDERED.**

<u>s/ Matthew H. Solomson</u>
Matthew H. Solomson
Judge

counsel that is a member of the bar of this Court.  The Clerk is directed to enter **JUDGMENT** for the government accordingly.  The Clerk is further directed not to accept any further filings in this matter or otherwise on behalf of JEQ unless made by an attorney who is a member of the bar of this Court.

    **IT IS SO ORDERED.**

<u>s/ Matthew H. Solomson</u>
Matthew H. Solomson
Judge